ADAM G. GASNER (SBN 201234)
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102
Telephone:  415-782-6000
Facsimile:  415-782-6011
E-Mail:     adam@gasnerlaw.com

Attorney for Defendant
NICHOLAS ALAN HODGES

IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS ALAN HODGES,<br><br>Defendant. | No. 17-CR-00354 WHO<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Date: June 20, 2019<br>Time: 1:30 p.m.<br><br>HON. WILLIAM H. ORRICK III |

### I.   INTRODUCTION

Defendant NICHOLAS ALAN HODGES ("Mr. Hodges") comes before the Court for sentencing after having pleaded guilty (ECF 45) to a three-count indictment for violating 18 U.S.C. § 2252(a)(2) [Receipt of Child Pornography]; 18 U.S.C. § 2252(a)(2) [Distribution of Child Pornography]; and 18 U.S.C. § 2252(a)(4)(B) [Possession of Child Pornography]. Fed. R. Crim. P., Rule 11. This was a plea open to the Court to each count in the Indictment.

    1.  Regarding the Court findings on the presentence investigation report (PSR), the defense requests the Court adopt the PSR with the following change related to Chapter Two of

the United States Sentencing Commission Guidelines Manual: Strike the PSR's Specific Offense Characteristic of +2 for utilization of an internet service provider pursuant to U.S.S.G. § 2G2.2(b)(6). The defense objects to the 2-point increase because the use of the computer is currently the only way unlawful pornographic images are distributed. Certainly, when 18 U.S.C. § 2252(a)(2) [Distribution of Child Pornography] was enacted into law there were photocopies of images placed in U.S. Mail and sent to others. With the advent of the internet, a new way of sharing images became possible and a specific offense characteristic was enacted into law in order to enhance the punishment for the crime. By now, computers and ISPs are a primary means of communication as well as the dominant means of transmitting image and video files. Imposition of enhancement points based on internet use has become anachronistic. Therefore, the defense is requesting that the total offense level be re-calculated to a level 30.

2. Regarding the Court findings on mandatory minimum sentence, the defense requests the Court find that one or more counts of conviction carry a statutory mandatory 60-month minimum term of imprisonment and the defense requests the Court impose a sentence of 60 months in accordance with the recommendation from probation.

3. Regarding the Court determination of guideline range, the defense requests the Court find the following:

   a. Total offense level:           30
   b. Criminal history category:     I
   c. Guideline range:               97-121 mos.
   d. Supervised release range:      1 to 5 years
   e. Fine range:                    $35,000.00 - $250,000.00

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

   f. The defense requests that the fine be waived or below guideline range because of inability to pay.

4. Regarding the guideline sentencing determination, the defense requests the following:

   a. The court impose a sentence outside the sentencing guideline system (i.e., a variance.)

5. Regarding departures pursuant to the guideline manual, the defense submits that no departures apply in the instant case.

6. Regarding a Court determination for a variance, the defense requests the following:

   a) A sentence below the advisory guideline range pursuant to motions by both the government and the defense. As both the defense and government are moving for a variance the issue the divides us is how far below guidelines the parties are requesting.



7. Regarding the Court determination of restitution, the defense requests the Court reserve restitution.

The defense requests the Court, for the compelling reasons below, to exercise its discretion and impose a downward variance from the guideline range and sentence Mr. Hodges to 60 months imprisonment, followed by 5 years' supervised release and a $300 special assessment fee.

U.S. Probation also recommends 60 months imprisonment which a downward variance to the mandatory minimum sentence followed by 5 years' supervised release thereafter, with a special assessment of $300.00. PSR, p. 30.

The government recommends an 87-month sentence of imprisonment, the low-end of the Guidelines for an offense level of 29, which is a 3-level downward variance from the total offense level of 32 calculated by probation.

## II.  SENTENCING

With the advent of *U.S. v. Booker*, 125 U.S. 738 (2005), the Court is restored with the power to sentence as it sees fit within the statutory framework of 18 U.S.C. § 3553(a). The restoration of this power gives the Court real discretion to fashion a sentence "sufficient but not greater than necessary" to achieve the purpose of sentencing set forth in 18 U.S.C. §3553(a)(2) after considering the following:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant [§3553(a)(1)];

(2) The need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner [§3553(a)(2)];

(3) The kinds of sentences available [§3553(a)(3)];

(4) The advisory – but non-mandatory – Sentencing Guidelines [§3553(a)(4) and (a)(5)];

(5) The need to avoid unwarranted sentencing disparity among defendants with similar records and similar conduct [§3553(a)(6)]; and

(6) The need to provide restitution to any victim of the offense [§3553(a)(7)].

In this case, the Court must choose the minimally sufficient sentence to fulfill the purposes of sentencing based on a consideration of all §3553(a) factors. *Kimbrough v. U.S.*, 128 S.Ct. 558, 570 (2007). Accordingly, the defense submits that a 60-month sentence is minimally sufficient to fulfill the purpose of sentencing. (*See* argument, *Infra*)

A. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE AND THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT [§3553(a)(1)]**

**The Nature and Circumstances of the Offense**

As adduced in the PSR, Mr. Hodges' offense conduct consisted of utilizing a Drop Box account to store child pornography files together with a Kik Messenger (chat) application to communicate with others regarding the sharing and trading of child pornography images and video files.

On April 4, 2017, a state search warrant was executed at Mr. Hodges' home. The onsite forensic preview search of various electronic devices and storage in the home revealed many child pornography images and video files belonging to Mr. Hodges. PSR, ¶¶ 6-18.

Later that day, officers arrested Mr. Hodges at his place of employment. Officers seized Mr. Hodges' cell phone, an examination of which, revealed saved child pornography image and video files, records of child pornography searches, and Kik chat communications with others regarding sharing of child pornography. PSR, ¶¶ 20-28
5

**The history and characteristics of the defendant**

Though he enjoyed an upbringing in a loving household, Mr. Hodges, now 31 years old, had a difficult time growing up gay in a social environment that sets such individuals apart. The resulting alienation caused him to pursue contentment in ways that were damaging emotionally and physically. Feelings of isolation and shame resulted in Mr. Hodges' noticeable detachment from friends and family.

As a youth, Mr. Hodges suffered sexual trauma inflicted by others. He related in his written statement to U.S. Probation, that as a teenager, he was the victim of a series of sexual assaults, by many different men. To make sense of these unreported abuses, Mr. Hodges concluded that they were a natural part of "growing up gay." PSR, p. 14. He wrongly equated abuse with acceptance and even affection.

Mr. Hodges stated that in college he was attracted to and dated men of his own age. Through his use of Instagram social media, however, he discovered his attraction to older adolescents because the more frequently he "liked" such images, the more such images were provided by the application. PSR, p. 14. The internet provided easy access to material he knew was immoral. Still, the more images he received the more images he sought.

During a jail visit, at the outset of this case pending in San Francisco Superior Court, Mr. Hodges expressed deep regret for his offense conduct, saying, "[i]f there were a way that I could tear out the part of my brain that causes this compulsion, I would do it." Since his arrest, which ironically instilled a sense of relief, Mr. Hodges consistently expressed remorse for his crimes. He has never denied his culpability nor has he sought to assign blame to anyone but himself.

During his time in county jail, due to his depression, Mr. Hodges was housed under a suicide watch. When the United States Attorney's Office took over prosecution of the case, Mr. Hodges remained in custody at San Francisco county jail.

In the interest of gaining his pretrial release, the defense sought a psychological evaluation specifically oriented towards establishing whether Mr. Hodges harbored suicidal ideation. Dr. Jess Ghannam, conducted the evaluation and concluded a lack of suicide risk because, in custody without access to alcohol or drugs, Mr. Hodges was "able to process and think through his current situation." (*See* Dr. Ghannam's evaluation attached hereto as Exhibit A) Consequently, at his bond hearing on September 9, 2017, Magistrate Judge Maria-Elena James granted Mr. Hodges' pretrial release to home confinement under electronic monitoring and supervision by U.S. Pretrial Services.

Mr. Hodges has no criminal history; he pleaded guilty early in this case, expressed profound remorse and regret for his crimes, and has demonstrated determination to rehabilitate himself through participation in AA meetings (*See* attendance sheet attached hereto as Exhibit B) and ongoing outpatient treatment of his sexual aberration with his therapist, Dr. Myra Altenau at the Accord Program in Oakland. (*See* letter from therapist attached hereto as Exhibit C)

[redacted]

During the past two years under U.S. Pretrial Services supervision, Mr. Hodges has obeyed the conditions of his release while striving to better himself in many ways: he has reconnected with his parents, family, and friends; he participates in weekly out-patient sex offender therapy to gain understanding of his offense behavior and to prevent re-offending; he attends twice-weekly AA meetings to gain control over alcohol as an enabling drug; and he has attended classes at Berkeley Adult School.

As a gay man, Mr. Hodges has had a difficult time establishing his identity. The sexual abuse he suffered as an adolescent rendered him bereft of a healthy sense of autonomy. As a young

adult, he turned inward and indulged his aberrant predilection for sexualized children and adolescents. Mr. Hodges is aware of the damaging implications of his former compulsion. He has gained this understanding through his renunciation of drugs and alcohol and through his commitment to therapy.

Besides Mr. Hodges' personal troubles and subsequent crimes, an incident of several years ago provides a strong indication of his true nature.

One afternoon in February 2008, when Mr. Hodges was 20 years old, he was near the Rockingham Apartments at 734 Bush Street in San Francisco. The 47-unit, 6-story building was on fire at the 6th floor. Some glass from the upper floors exploded outward and rained down on Mr. Hodges. Hearing no alarm, he called 9-1-1 and proceeded to the lobby of the building seeking an alarm switch. Once inside, a panicked woman approached Mr. Hodges telling him that her mother was on the 6th floor. Without hesitating, Mr. Hodges went to the woman's 6th floor apartment and helped her to safety. He also alerted other tenants on the floor who were yet oblivious to the danger. Mr. Hodges' actions, benevolent and courageous in the extreme, define his actual character. (*See* screen shots attached hereto as Exhibit D and *see* https://youtu.be/NO5aJdLCCFE)

**Letters of Support:**

Mr. Hodges offers the Court letters of support from his mother, father, siblings, his boyfriend, members of the Hodges' extended family, and Mr. Hodges' many friends. The writers of these letters all acknowledge Mr. Hodges' failings engendering the instant case; however, the letters also unanimously express affection for Mr. Hodges and faith that he will emerge from this process a whole person secure in the love of his friends and family. (*See* letters attached hereto as Exhibit E)

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

8

*USA v. HODGES*, No. 17-CR-00354 WHO
Sentencing Memorandum

B. **NEED FOR THE SENTENCE IMPOSED -- [§3553(a)(2) FACTORS]**

 1. **to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense:**

Mr. Hodges expresses, in his allocution, his extreme remorse for his offense behavior and his resolve to never commit any violation of law.

 2. **to afford adequate deterrence to criminal conduct:**

A prison sentence of 60 months for a non-violent first offender is certainly a serious deterrence.

 3. **to protect the public from further crimes of the defendant:**

Mr. Hodges's has no criminal history; he is on a positive path to rehabilitation; and the idea of reoffending is abhorrent to him.

 4. **to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner:**

Mr. Hodges is amenable to all opportunities for self-improvement, therapy, and education available to him in prison.

In sum, Mr. Hodges is prepared and resolved to live a law-abiding life.

C. **THE ADVISORY – BUT NON-MANDATORY – SENTENCING GUIDELINES [§3553(a)(4) AND (a)(5)]**

Consistent with *Booker*, the sentencing guidelines are discretionary. Accordingly, the Court may craft a sentence "sufficient but not greater than necessary" to achieve a just sentence in harmony with 18 U.S.C.§3553(a)(2).

[text redacted]

For the foregoing reasons, the defense requests a sentence below with the guidelines range for a custodial sentence of 60 months.

### III. DEFENSE REQUESTS MR. HODGES' SELF-SURRENDER PER § 3145(c)

Mr. Hodges moves the court to allow his self-surrender for "exceptional reasons" per 18 U.S.C. §3145(c).

> As set forth in *US. v. Garcia* 340 F.3d 1013 (91h Cir. 2003)," ... a wide range of factors may bear upon the analysis. By adopting the term 'exceptional reasons,' and nothing more, Congress placed broad discretion in the district court to consider all the particular circumstances of the case before it and draw upon its broad "experience with the mainsprings of human conduct." *Mozes v. Mozes*, 239 F.3d 1067, 1073 (9th Cir.2001) (internal quotation marks omitted). While we offer some guidance today, we place no limit on the range of matters the district court may consider... To illustrate how the term "exceptional reasons" may be applied we will consider some of the factors that alone or in combination with others may qualify under the statute. For example, one exceptional circumstance that might justify release under § 3145(c) would be that the defendant's criminal conduct was aberrational. . . Moreover, if the district court finds that the defendant led an exemplary life prior to his offense and would be likely to continue to contribute to society significantly if allowed to remain free on bail, these factors would militate in favor of finding exceptional reasons."

Here, Mr. Hodges' has led an otherwise crime free life prior to and following his offense behavior in the instant matter. He has participated for nearly two years in weekly sex offender therapy sessions and continues to do so. He has remained sober and drug free and has respected the

GASNER CRIMINAL LAW
Law Chambers Building
345 Franklin Street
San Francisco, CA 94102

conditions of his pretrial release. Mr. Hodges committed no crimes of violence and has resided with his family all during his pretrial release. He presents no flight risk.

Mr. Hodges respectfully requests the Court assign him a date to self-surrender to Bureau of Prisons to allow him to demonstrate to BOP his good faith cooperation and thereby increase the possibility of the most favorable prisoner designation.

## IV.   CONCLUSION:

For the foregoing reasons, it is respectfully urged that the Court sentence Mr. Hodges to the defense and probation recommendation of 60-months and all attendant conditions the Court deems appropriate.

Dated: June 13, 2019

Respectfully submitted,

*/s/ Adam Gasner*

ADAM G. GASNER
Attorney for Defendant
NICHOLAS ALAN HODGES